JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TALIA PADIN

**(b)** County of Residence of First Listed Plaintiff   Burlington County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew A. Luber, Esquire, McOmber & McOmber, P.C.,
30 South Maple Avenue, Marlton, New Jersey 08053
(856) 985-9800

## DEFENDANTS

DOC BRESLER'S CAVITY BUSTERS, SHERRY BRESLER, DR. JASON BRESLER, PEDRO FIGUEROA, and MARYANN JAVIE

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

Brief description of cause:
EMPLOYMENT DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/15/2018

SIGNATURE OF ATTORNEY OF RECORD
Matthew A. Luber, Esquire

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 367 Barclay Street, Burlington, New Jersey, 08016

Address of Defendant: 240 Geiger Road, Philadelphia, PA, 19115 (Geiger Location)

Place of Accident, Incident or Transaction: 240 Geiger Road, Philadelphia, PA, 19115
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☑

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Employment Discrimination

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Matthew A. Luber, Esquire _____, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/15/2018 _____    Matthew A. Luber, Esquire _____    309323 _____
                            Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/15/2018 _____    Matthew A. Luber, Esquire _____    309323 _____
                            Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Talia Padin

           v.

DOC Drosler's County Bunkers, etal.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

2/16/18
**Date**

Matthew Lubu
**Attorney-at-law**

Plaintiff, Talia Padin
**Attorney for**

856-985-9800
**Telephone**

732-530-8545
**FAX Number**

mal@njlegal.com
**E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------- X

TALIA PADIN,

          Plaintiff,

    - vs. -

DOC BRESLER'S CAVITY BUSTERS,
SHERRY BRESLER, DR. JASON
BRESLER, PEDRO FIGUEROA, and
MARYANN JAVIE

         Defendants.

------------------------------------- X

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Talia Padin ("Plaintiff"), by and through her undersigned attorneys, hereby files the following Complaint and Jury Demand ("Complaint") against Defendant Doc Bresler's Cavity Busters ("Defendant Cavity Busters"), Defendant Sherry Bresler ("Defendant S. Bresler"), Defendant Dr. Jason Bresler ("Defendant J. Bresler"), Defendant Maryann Javie ("Defendant Javie"), and Defendant Pedro Figueroa ("Defendant Figueroa") (collectively "Defendants").

### JURISDICTION AND VENUE

2.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. § 2617.

4.     This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district.

5.      The unlawful acts and practices of Defendant Cavity Busters were committed within or upon the direction of the company's agents, servants, employees, and/or representatives within the Commonwealth of Pennsylvania and within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      All conditions precedent to the institution of this suit have been fulfilled. On October 23, 2017, Plaintiff dual-filed a Charge of Discrimination and Retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

7.      The EEOC issued a Notice of Right to Sue to Plaintiff on December 18, 2017, thereby dismissing Plaintiff's Charge (Charge No. 530-2018-00268C). This action has been filed within 90 days of Plaintiff's receipt of said Notice.

## PARTIES

8.      Plaintiff is a woman of African American, Spanish, and Korean descent. She was formerly employed as a dental receptionist by Defendant Cavity Busters.

9.      Defendant Cavity Busters is a privately held company that provides dentistry for children and adolescents.  Defendant Cavity Buster is duly organized under the laws of the Commonwealth of Pennsylvania and is based in Philadelphia, Pennsylvania.  At all relevant times, Defendant Cavity Busters acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with Defendant Cavity Busters, under the direct control of Defendant Cavity Busters, and in furtherance of Defendant Cavity Busters' business.  At all relevant times, Defendant Cavity Busters is and has been an employer employing more than fifteen (15) employees.

10.     Defendant S. Bresler is an individual employed by Defendant Cavity Busters as the Chief Operating Officer and has a business address in Philadelphia, Pennsylvania.

11.     Defendant J. Bresler is an individual employed by Defendant Cavity Busters as a dentist and has a business address in Philadelphia, Pennsylvania.

12.     Defendant Javie is an individual employed by Defendant Cavity Busters as the Human Resources Officer and has a business address in Philadelphia, Pennsylvania.

13.     Defendant Figueroa is an individual employed by Defendant Cavity Busters as a maintenance employee and has a business address in Philadelphia, Pennsylvania.

14.     At all relevant times, Defendants have been "employers" and/or "persons" as defined under the laws at issue in this suit and are accordingly subject to the provisions of said laws.

15.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

<u>FACTUAL BACKGROUND</u>

16.     On or about March 9, 2016, Plaintiff was hired by Defendant Cavity Busters and held the position of Dental Receptionist, originally at 240 Geiger Road, Philadelphia, Pennsylvania 19115 ("Geiger Office").

17.     Defendant Cavity Buster's Employment Policy ("Policy") states that "verbal conduct such as epithets, derogatory comments, slurs or unwanted comments or jokes" is "unlawful harassment and will not be tolerated." In addition, the policy states that "sexual harassment includes unwelcomed sexual advances" and "requests for sexual favors."

18.     During the course of her employment, Defendants subjected Plaintiff to repeated, pervasive, severe, and continuing instances of sexual harassment, discrimination, and retaliation.

19. Defendant Figueroa regularly made sexual advances toward Plaintiff, including but not limited to flirting with Plaintiff, commenting on Plaintiff's appearance, making sexually charged comments to Plaintiff, commenting on the body and dress of Plaintiff, inappropriately leering at Plaintiff, incessantly harassing Plaintiff to become sexually involved with him, and other such inappropriate conduct.

20. By way of example, but not limitation, Defendant Figueroa asked Plaintiff "what are the races of the guys you f*cked."

21. Even after Plaintiff's stern dismissals, Defendant Figueroa repeatedly asks Plaintiff to go to a hotel with him. Specifically, Defendant Figueroa asked Plaintiff: "Can I take you to a hotel?", "When do you want to go?" and "You look like a girl that would like a hotel."

22. On or about June 8, 2017, Defendant Figueroa followed Plaintiff to her vehicle during work hours. After Plaintiff entered her vehicle, Defendant Figueroa, brazenly, entered her car via the passenger side-door.

23. Once Plaintiff noticed Defendant Figueroa, Defendant Figueroa, a Spanish individual, asked Plaintiff "Out of all the guys you have been with, which race f*cked and ate your pu**y the best? Spanish guys right. I sure will."

24. Plaintiff immediately demanded Defendant Figueroa exit her car. Ignoring Plaintiff's demand, Defendant Figueroa remained in the car and started tugging on Plaintiff's shirt sleeve while simultaneously asking Plaintiff, "Why do you want to be like that? When are you going to stop playing and give me your number?"

25. Earlier that same day, Defendant Figueroa came up behind Plaintiff and whispered in her ear, and once again asked, "When are you going to stop playing, let me get your number?"

Melissa Mullin ("Ms. Mullin"), the manager on duty, told Defendant Figueroa, "[Defendant Figueroa]! Get away from [Plaintiff], [Plaintiff] is trying to check patients in and do her job."

26.  Defendant Cavity Buster's Policy states "[a]ny employee who believes that he/she is being, or has been subject to conduct that violates this policy… must promptly contact Human Resources or a responsible officer at your location… [t]he complaint will be promptly investigated, and appropriate corrective action will be taken where warranted."

27.  Thus, on that very same day, Plaintiff complained about Defendant Figueroa's unlawful conduct to Defendant Javie, Defendant Cavity Buster's Human Resources Officer. Ms. Mullin begged Plaintiff not to mention her involvement as she told Plaintiff "she didn't want to be involved."

28.  Plaintiff requested her name be kept confidential and not be disclosed to Defendant Figueroa. However, Plaintiff was immediately cut off by Defendant Javie and told, "[We] know how to handle everything."

29.  Less than one hour later, and much to her surprise, Plaintiff was brought into a meeting with Defendant Figueroa, Defendant Javie, and Defendant S. Bresler. The confidentiality of Plaintiff's complaint therefore was compromised and ignored.

30.  Defendant Figueroa was infuriated and blatantly lied to management, "I would never say those things to [Plaintiff]. I am going to just be a man and apologize even though I did not say that."

31.  One week later, Plaintiff complained to Defendant Javie that Defendant Figueroa makes her very uncomfortable, particularly as she had to interact with Defendant Figueroa on a daily basis and encounter him in the hallways. Remarkably, Defendant Javie dismissed Plaintiff's

concerns and responded, "Well technically you don't work together, you're at the front desk and he isn't."

32.    Plaintiff responded, "We work in the same building and I don't know how I am supposed to feel this has never happened to me before."

33.    Despite Defendant Cavity Buster's representation in its Policy that the Human Resources department will "promptly investigate[]" the complaint, no investigation ever occurred nor did Defendant remediate the workplace. Instead, Defendant Javie stated, "I am not a psychologist and I cannot tell you how to feel."

34.    On August 1, 2017, Plaintiff complained again to Defendant Javie that she did not feel comfortable with the way the situation was handled.

35.    Furthermore, despite Plaintiff's requests, Defendant Javie refused to provide Plaintiff with a copy of her internal complaint to human resources.

36.    The following day, Plaintiff complained yet again after Defendant Javie failed to address her complaints regarding Defendant Figueroa. Specifically, Plaintiff complained to Defendant J. Bresler and Defendant S. Bresler that she was still uncomfortable, namely, because she frequently had to pass by the man who sexually harassed her and Defendants were not addressing her complaints.

37.    In response, Defendant J. Bresler and Defendant S. Bresler falsely stated that Plaintiff did not previously disclose her "uncomfortableness," only that she felt "awkward." Remarkably, Defendant J. Bresler and Defendant S. Bresler explained they would have taken the matter more seriously if they knew that Plaintiff was "uncomfortable."

38.    Defendants once again refused to investigate Plaintiff's complaints or discipline Defendant Figueroa despite statements in Defendant Cavity Buster's Policy that "any employee

who engages in conduct that violates this policy is subject to discipline, up to and including termination."

39.    In addition, Defendant Cavity Busters states in its Policy that "no employee will be retaliated against for reporting a violation of this policy in good faith or asserting his/her rights under it in good faith."

40.    Despite these declarations, and in blatant retaliation for Plaintiff's complaints of Defendant Figueroa's unlawful conduct, Defendants transferred Plaintiff from the Geiger Office, Defendant Cavity Buster's Northeast location, to the Brushieland Office, Defendant Cavity Buster's lower Northeast location.

41.    Notwithstanding the transfer, Plaintiff continued to encounter her harasser, Defendant Figueroa, at the new location.

42.    In further retaliation, Defendant S. Bresler deliberately, among other things, scheduled Plaintiff to work Monday, knowing full-well that Plaintiff cannot work Mondays due to lack of childcare. On September 13, 2017, Plaintiff complained to Defendant S. Bresler via email stating:

> I will continue to look for someone to take my daughter to school and pick her up on Mondays. I've rearranged my life twice to fit the needs of the company & this last time isn't on me and shouldn't be on me. I wasn't moved to Brushie by choice. I was transferred due to the situation with Pete. If I can't find anyone to take Kyra to and from school then unfortunately I won't be able to work on Mondays. Either that or I would only be available from 10-2.

43.    In response, Defendant S. Bresler simply stated, "you are expected to work your scheduled Mondays." Prior to Plaintiff's complaints of sexual harassment, Plaintiff was scheduled off on Mondays because it was understood between her and Defendants that Monday was the day she needed to take care of her daughter.

44. In even further retaliation, Defendants significantly cut Plaintiff's hours from seventy (70) to sixty (60) hours per week and her bi-weekly day off was removed without explanation. Furthermore, Plaintiff is no longer permitted to speak or address work related issues with her direct manager, Nichole Trotter.

45. On September 18, 2018, on behalf of Plaintiff, Defendant Cavity Busters received a litigation hold letter from her lawyers. Despite receipt of that letter and numerous complaints, Defendants' discrimination, harassment, retaliation continued.

46. In fact, Chrissi Benson (Ms. Benson), a receptionist at Defendant Cavity Busters openly discussed Plaintiff's pending litigation, which Defendants disclosed in retaliation for Plaintiff's complaints. Specifically, Ms. Benson stated, "This is Brushie [office] you don't have a lawsuit here – this isn't North East [office]." Plaintiff was shocked by this comment, and retorted, "What did [Ms. Benson] say?" Inexplicably, Plaintiff's manager then sent Plaintiff home for the day.

47. Then, on October 16, 2017, in retaliation for the events described above, Defendant Javie and Defendant S. Bresler summarily terminated Plaintiff.

48. In addition to the above harassment, discrimination, and retaliation, Defendants did not conduct an adequate investigation and failed to take proper remedial action to protect Plaintiff from discriminatory behavior and retaliation.

49. Upon information and belief, Defendant Figueroa had prior instances of sexual misconduct at Defendant Cavity Busters to which management of Defendant Cavity Busters was aware.

50.     Defendants did not have an effective anti-harassment policy in place, Defendants have not maintained an anti-harassment policy that is current and effective, and Defendant's anti-harassment policy existed in name only.

51.     Defendants did not maintain useful formal and informal complaint structures for victims of discrimination, harassment, and retaliation.

52.     Defendants did not properly train its supervisors and/or employees on the subject of discrimination, harassment, and retaliation.

53.     Defendants failed to institute appropriate monitoring mechanisms to check the effectiveness of the policies and complaint structures.

54.     Defendants did not have a commitment from the highest levels of management that harassment will not be tolerated; in fact, the highest levels of management deliberately and actively retaliated against those who complained about such conduct.

55.     Defendants failed to conduct prompt and thorough investigations of employee complaints of harassment or provide a remedial plan reasonably calculated to stop any harassment that is found.

## CLAIMS

### COUNT I: TITLE VII - DISCRIMINATION DUE TO RACE AND/OR SEX
### (against Defendant Cavity Busters)

56.     The preceding paragraphs are incorporated by references as if fully set forth.

57.     The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of race and/or sex in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended and the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

58.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in her favor and against Defendants, and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

**COUNT II: TITLE VII - RETALIATION**
**(against Defendant Cavity Busters)**

59.     The preceding paragraphs are incorporated by reference as if fully set forth.

60.     The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended.

61.     Defendant Cavity Busters retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

62.     Defendant Cavity Busters, by and through its employees, retaliated against Plaintiff for having exercised her rights under federal and state law.

63.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant SEI and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

**COUNT III:  PHRA - DISCRIMINATION DUE TO RACE AND SEX**
**(against all Defendants)**

64.     The preceding paragraphs are incorporated by reference as if fully set forth.

65.     The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis Race and Sex in violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963

66.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in her favor and against Defendants, and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

<u>**COUNT IV: PHRA - RETALIATION**</u>
**(against all Defendants)**

67.     The preceding paragraphs are incorporated by reference as if fully set forth.

68.     The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

69.     Defendants retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

70.     Defendant Cavity Busters, by and through its employees, retaliated against Plaintiff for having exercised her rights under federal and state law

71.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant Cavity Busters and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and

injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

Respectfully Submitted,

Dated: 2/15/2018

/s/

Matthew A. Luber (Pa. Id. No. 309323)
mal@njlegal.com
R. Armen McOmber, Esq. (*pro hac vice to be filed*)
ram@njlegal.com
McOmber & McOmber, P.C.
30 S. Maple Avenue, Suite 201
Marlton, New Jersey 08053
Phone: 856-985-9800
Fax: 732-530-8545

*Attorneys for Plaintiff Talia Padin*